UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | CIVIL ACTION NO. 24-CV-1182 |
| Plaintiff, | (SAPORITO, J.) |
| v. | |
| MOLINA, et al., | |
| Defendants. | |

## MEMORANDUM

This matter comes before the Court on State Farm Fire and Casualty Company's ("State Farm") motion to enter default judgment under Rule 55(b) of the Federal Rules of Civil Procedure. (Doc. 10). State Farm filed its complaint against the defendants, Washington Molina and WJE Construction Incorporated, on July 17, 2024. (Doc. 1). The defendants have failed to appear before the Court and respond to the complaint. On December 30, 2024, State Farm moved for entry of default against WJE Construction. (Doc. 8). The Clerk of Court entered that default on January 3, 2025. (Doc. 9). State Farm has now moved for a default judgment against defendant WJE Construction. (Doc. 11).

I.  Background[1]

Prior to the events leading to this action, Doreen Novick held a homeowner insurance policy with State Farm in connection with her residential property at 53 Oneil Avenue in Wilkes-Barre, Pennsylvania. At some point, Ms. Novick contracted with the defendants to remodel a second-floor bathroom at her property. During that work, State Farm alleges that the defendants' personnel negligently used tools to cut metal studs, creating heat and sparks too close to combustibles, and caused a fire that spread through the property. State Farm contends that as a direct and proximate result of the defendants' actions, the insured property suffered damages exceeding $400,000.00, and State Farm paid Ms. Novick for damages in that amount under her homeowner policy. State Farm has brought this action to recover those damages from the defendants.

II.  Legal Standard

The entry of a default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure. The entry of default "is a prerequisite to entry of a default judgment under Rule 55(b)." *Sys. Indus., Inc. v. Han*,

---

[1] The facts are taken from the plaintiff's complaint.

105 F.R.D. 72, 74 (E.D. Pa. 1985). The Clerk of Court must enter a default against a defendant that has "failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). A plaintiff may move for a default judgment pursuant to Rule 55(b) only after default has been sought and entered by the Clerk under Rule 55(a). Fed. R. Civ. P. 55(a),(b)(2).

Nevertheless, the decision to enter a default judgment lies ultimately with the discretion of the district court. *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). Courts faced with a motion for default judgment consider the three *Chamberlain* factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether the defendant's delay is due to culpable conduct." *Id*. However, "when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment under Rule 55(c)." *Asendia USA v. AdvancePost, Inc.*, No. 1:12-CV-2169, 2013 WL 877132, at *1 (M.D. Pa. Mar. 8, 2013). Courts may even enter a default judgment "based solely on

the fact that the default has occurred." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

Even if a default judgment may be appropriate, however, the Court must first "ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Serv. Emps. Int'l Union Loc. 32BJ, Dist. 36 v. ShamrockClean, Inc.*, 325 F. Supp. 3d 631, 635 (E.D. Pa. 2018). Nevertheless, while a defaulting party does not indeed admit those conclusions, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

### III. Discussion

As we noted above, while courts normally apply the *Chamberlain* factors when faced with a motion for default judgment, "when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment under Rule 55(c)." *Asendia USA*, 2013 WL 877132, at *1. Therefore, provided

State Farm's unchallenged facts constitute a legitimate cause of action, we will grant State Farm's motion for default judgment. We need not undertake a significant analysis as we find that State Farm has done so here.

State Farm brings three claims against the defendants: (1) negligence; (2) breach of contract; and (3) breach of implied warranties. (Doc. 1). A plaintiff asserting a negligence claim must allege facts to plausibly show: "1) a duty or obligation to conform to a standard of conduct recognized by law; 2) a breach of that duty by the defendant; 3) a causal connection between the defendant's breach of duty and the resulting injury or harm; and 4) injury or harm suffered by the plaintiff." *Sarsfield v. Citimortgage, Inc.*, 667 F. Supp. 2d 461, 468 (M.D. Pa. 2009). In its complaint, State Farm alleges numerous contractual duties owed by the defendants, a breach of those duties through their negligent actions, a connection between the defendants' negligent actions and the ensuing fire, and damage to the insured property by that fire. (Doc. 1, ¶¶ 15–18) (including, among others, "failing to provide, establish, and/or follow adequate controls as to ensure the safe and proper performance of the tasks" and "violating the standards of care prescribed by statutes,

rules, regulations, ordinances, codes, and/or industry customs applicable to Defendants"). A party asserting a breach of contract claim under Pennsylvania law must demonstrate: "(1) the existence of a contract; (2) a breach of duty imposed by the contract; and (3) resultant damages." *Smith v. Allstate Ins. Co.*, 904 F. Supp. 2d 515, 521 (W.D. Pa. 2012). State Farm alleges that a contract existed between Ms. Novick and the defendants to remodel her second-floor bathroom in a "good and workmanlike manner with quality workmanship," the defendants breached that duty through their negligent actions, and that those actions resulted in damages in excess of $400,000.00 at Ms. Novick's property. (Doc. 1, ¶¶ 19–26). Moreover, State Farm's breach of implied warranties claim mirrors State Farm's breach of contract claim. State Farm contends that the defendants breached the implied warranty that "all work performed would be done in a good and workmanlike manner, with quality workmanship, so as to create a safe and habitable property" through their actions (*Id.*, ¶ 28), and that the breach resulted in significant damages to Ms. Novick's property. Therefore, upon review of the record, we find that State Farm's allegations constitute a legitimate cause of action. We will grant its motion for default judgment against

defendant WJE Construction.[2]

## IV. Conclusion

For the foregoing reasons, we will grant State Farm's motion for default judgment against defendant WJE Construction.

An appropriate order follows.

Dated: October 31, 2025        *s/Joseph F. Saporito, Jr.*
                               JOSEPH F. SAPORITO, JR.
                               United States District Judge

---

[2] State Farm has attached an affidavit to its motion itemizing a sum certain list of damages to the property, amounting to $321,275. (Doc. 10-2). This amount includes Ms. Novick's $1,000 deductible.